Per curiam

The court thinks it is equally applicable in cases subject to the act of limitations. There are many authorities to that effect, and the reason of the. thing strongly supports that position. The court will inform the jury that is the law — if they should find accordingly, and you shell, be of opinion, upon further consideration, that the law is not so, a new trial may be moved for, and the court will hear this point more deliberately argued. ’ The counsel on both sides assented to this proposition.
Per curiam — The first point in order to be considered, is, whether the land in dispute he included within the boundaries of Waddle’s (latent. If it be, then other points will arise to bo considered ; if it be not, then the dispute is at an end. There is full proof that the land claimed, is within the boundaries of the {intent under which the Defendant claims. This is not doubted by any one — it is not disputed by the Plaintiff. For them to recover, it is necessary to show a title superior to that of the Defendant - — their patent is for land lying on (he same stream, very probably for a parr of the land in dispute — one of the chain carriers in making Spikes’s survey some weeks after, saw and shewed to Spikes a line then recently marked, running through the laud contained in Spikes’ patent; and as lie describes it, must have run somewhere between the boundary of Spikes’s patent and the line now described in the plat, and claimed to by the Plaintiffs-tliat line has beep since spoken of, and admitted in conversation by the Defendant. When Spikes sold, hr refused to warrant the land in dispute, because of Waddle’s claim.
1 The court then enumerated the other circumstance given in evidence relative to the coi ner pine, and the other fine spoken of at the bar — and concluded this point by saying, it is not the province of the court, to draw any conclusions with respect to this line, whether it existed, or where it is. Sucli conclusions can only be drawn by the jury. The court only recapitulates the evidence in the presence of the counsel, to assist the memory of fhejury, Rot for the purpose of directing them to lay stróss upon *366 tins or (bat part of 'be testimony. S!,imld the court liver ‘an opinion wi’h 'c -p. » r to’tin *n ¡deuce, the jury are only bound by i . should ih: t opinion: coincide with their own, drawn from tb* evidence 1 hey have heard— should flie joey however, in the present case belie-o, diaí Waddle’s putei un-ered the lands in di«r.uf>\ then fhe ilex* circnms'aece Jo be considered is, which >>f-Ivsetwo patents i'- csui’l.-d. to prof.-re nee — Mi<*v boih da. ml on the same.day, Waddle'S is numbered with Hi" mnrth.-r 4, and Spikes’s with ¡he unumerf;; huf Spikes’ survey was made several months hef.ro IVaddle’s. The ride that bath hitherto prcv.rleo s-., !h.«t the- patent or go-mt of the first date shall be pr.Tprred. There is no cf or evidence of title by .ppr-.;prr.itioii of lands. but thst« r die grant. He. who first obtains his grant without fraud, obtains title; and from tiiat moment may exclude all others from the possession, We cannot tie influenced in determining a point of preference, by the- first survey or the first entry, or the first payment of money for the land— any of these circumstances, oral! of them together, make no title — if the grant, does not follow, they sign'd"} nothing — and when it does follow, they cease frotn the moment of its execution to be of any consideration — ‘bat and that only, creates the. title ; and that only is to be consulted where the, question of title arises between different claimants. Supposing ibis rule not to have been founded upon propriety at first, it would' be attend.-d with terrible consequences to alter or impair the force, of it at this day — rules of proper'y where they have once become fixed and known, and *o be generally acted under, should never he bri-kmi in upon, but for reasons of the most urgent necessity, and (lieu only by the Legislature, in such instances, it is of much more consequence that the rule should be certain and mdoHmis, than that it should be conformable t.o strict not}; ns of justice. Should we decide by preferring the grantee who had his land first surveyed, it might perhaps s«r-e ihe purposes of a decision well enough in the present instance ; yet many cases might occur, where the fact of the first survey «maH no* be ascertained: as in the case of old grants issued before the practice of annexing plats began, and in (ases of new grants, where the plat annexed to cither of teem was severed from the grant and lost. In all such i'.-imi-ces, it would he neceas-try to adopt another ride- f-tecision. It is better to follow' one that will answer for the *367 decision of all cases whirl» may arise — by adhering to the old rule of preferring the grant fust perfected ; and when they aré dated on the same day. of preferring that e-rant, which from some circumstances apparent on the face of the deed, may appear the best, entúsen it in the present case, it appears in the fare of fVaddk-’s patent, that it was numbered with the number 4, whereas Spikes" was numbered with the number 73 : from whence ¡he. strong presumption is, that Waddle's grant was first completed, and that it was numbered in the same order with respect to the other deed, in which they were severally completed ; and if any other circumstance of equal weight, should appear in the face off he grant, it should have equal influence in deciding the preference, if Waddle's grant be entitled to preference, then it will be necessary to consider, whether Spikes or !hosu claiming under him, have acquired a tille hy possession under the act of limitations. It is urged that the jxmsc-.sior. of. the ax-enterer. as he is called, ef whom Spikes purchased the location, is to he taken in>o compulation : arid next, 'hat the possession which Spikes had by bis cattle, is to he reckoned. We will consider them, separately, and for that, purpose it is proper to state briefly, the true import and intent, of the act of limitations, so far as it regards the landed estates of the. country. That act had two objects in v tea — the one and principal object was, to fix upon a mode of settling disputes between different claimants of the same lands under different grants or titles.
The Legislature considered, where one of the claimants settled upon the land, and continued on it seven years, with the reasonable expectation of enjoying if in fee, ihf-.r his d«ed or grant gave him, that it was more agreeable to justice and the policy of an infant country that wanted settlers, to confirm the title of such a possessor, than to suffer him to be turned out of possession by anofhet, who had other merit (lian that his grant was first, dated. The. terra of seven years was fixed upon by the Legislature for ¡hat purpose. A prior patentee who would not enter, during the space of seven years, when the. subsequent patenter, and those claiming under him, were to the acfn-jí possession, giving open and public notice of his claim, was by that law deprived of his title forever. He >!!»;,(! take advantage- of an industrious settler and turn him off, after he has improved the land for *368 seven years together : but then in order to gain a title by possession under tiiis art, these circumstances concur — Sie must be possessed of land which hath been actually granted ; a possession of vacant lands will not do, unless attended with su-\h circumstances as required by the late act of Assembly, for limiting the claim of the State — he must take possession with a belief that the land possessed is his.own, as under a patent, or deed, under some patentee — he must take possession with such circumstances as are capable in their nature, of notifying to mankind that he is upon the land, claiming it as his own, as in person or by his tenant — this notorious possession must be a continued possession., a soctcf taking possession and not continuing it, as it cannot answer the purpose of notoriety to adverse claimants, cannot extinguish their claim for not having been put in, in due time.— The other object of the act was, to quiet the possessions of such persons as before the passing of it had taken irregular conveyances, not strictly supportable by law; but yet, fair, and for valuable considerations. This is provided for by the first clause of fin* act, and need not be enlarged upon now. The case before the, court is no way affected by it. To apply these rules to the present case —the possession of the ax-enterer was of vacant and unappropriated lands, and is not a possession within tho purview of the aef. Such possession could operate, if at all, only :.g,.it¡ot the King or the Lords Proprietors, not as the act meant, against another individual claiming under them by another grant or deed. It is not the possession of a settler, having a belief that the land he settled upon was his own. As to the possession which Spikes kept by his cattle, that is not such a possession, as is calculated to give notice to the adverse claim' ant, that his land is occupied and claimed by another. Cattle may be a long time ranging upon land, wilbont iis being puniicly known whose tiiey are, or that they were put upon the. land ity their owner, or that he-meant to claim if: huí. if a man settles upon the land by himself or tenants, and continues that possession, builds a house, or clears the land and cultivates it, his claim then becomes notorious, and gives fair notice to the adverse claimant to lookto his title. As to the. circumstance of Spikes having once taken possession of lh< ¡and, and continuing there sonto time, and then leaving it again-* *369 a single act of taking possession, and then leaving the land will not do; for then every man who has ap (tentop deed fos L ed, and lives at a distance burn it, is in danger oí losing his» ti'le by some otiwr person having a co-lour of title, making a secret entry upon it, arid at the expiration of seven years afterwards, setting up that possession as a title. Were this the law, no man would ever be secure of his title for lands he did not actually i;eside upon, either by him.ei!', his tenant or agent. The possession that is capable of ripening into title, must, be notorious, and continued for seven years without entry,claim or action on the o-her side- As to the remaining possession that Spikes had — it is stated that about the beginning of the year 1770, or thereabouts, Spikes, or the person that claimed under him, took actual possession of the land in question, built a house upon it, cleared a field, and continued the possession down to the present day ; and that on the other side, fVaddle bad no actual possession of the lanjii included in his patent, or of any part of it; and that he was in this country wnen the adverse actual possession commenced, and for four or five years afterwards, when he removed to Europe. It is here proper to observe, that from the sixth day of March, 1773, u> the first day of June, in the year 1784, the whole intervening time is struck out of the computation of time under tne act of limitations, by different acts of the Legislature made in the time of the war and since, and is not to be regarded : and where a man is beyorid seas when his title accrues, and is of full age, he is allowed eight years to pm in his claim agaiust in adverse occupant. In the present case, Mr fVaddle was in this country when the act of limitations first began to run upon him, that is to say, when actual possession was first taken and continued by the adverse claimant; and Mr. fVaddle resided here for some years afterward',, and until aft r the discontinuance of our Superior Count* in the year 1773, so that at the time he went to Europe, the act had run upon him three years; md if we connect the sixth of March, 1773, with the first of June. 1784, excluding the intermediate time, am! compute on tid the time ol commencing his action, which was some time in the year 1794, there will be a space of computable nine of thirteen 3ears and more, between the first, taking of actual possession and the commencement of this action.. *370 It is urged however, that there are two circumstances to interrupt the ruuing on of this time, Waddle's being beyond sea, and then his death, and the infancy of his sons to a period within three years before the commencement of this action. These circumstances will not hinder the running on of the statute, when it has once begun to run. The act of limitations regards the interest of both parties — it provides the term of seven years to the etui, the Plaintiff’s claim be not destroyed by too short a time; for the safety of the possessor, it provides that his possession shall not be disturbed after seven years, unless there are strong reasons founded in justice to the contrary, and these are pointed out in the exceptions it makes to the general rule established by the act, as coverture, &c. &c. but these provisions would be easily frustrated, if a man after the act has run upon him almost the whole seven years, could defeat its operation by going beyond sea; and the act would have but little effect towards quieting titles and possessions, if after a man had been improving and cultivating the lands for almost seven years, that possession would be all rendered nugatory by the death of the adverse claimant, or by coverture, imprisonment or the like, before the time had been actually completed. We may easily suppose a case, where the act of limitations would not be of any assistance at all toa possessor as the Legislature intended it should be — a man improves land and settles upon it,.and continues the possession for seven ¡years, lacking a few days- — the adverse claimant dies, his heir but just born, but a few days before his arrival to the age of twenty-four (for infants have three years allowed them after their infancy) dies, leaving his heir butjust born also — her»-, contrary to the plain meaning of the act, the possessor could not acquire a title after 54 or 55 years continued possession. As such cases must frequently happen, the law vviil not.allow itself to be defeated by making such use of its exceptions. The computation of time shall not be suspended by the occurrence. of any of these circumstances which would have prevented its attaching, liad the title of the party out of possession accrued during the time of their existence, as infancy, imprisonment, &c. but where the title comes to persons under such incapacities, and that title is already worn away by the attrition of several years time, with the quality of still wearing away, they must take it a1» *371 tlipy fmd it, with its disadvantages as well as with its advantages, and must use the same diligence to prevent a total dissolution of title, as the ancestor or person from whom (hey claim was hound to use — and if this reasoning will apply to the cases of these persons whose hapless situation is not brought, on by their own means, as infants, persons insane and the like, much more will it apply to the rases of those who seem to act, as if they intended to avoid the operation of the act, as a person imprisoned, he that, removes beyond sea, or as a woman that marries after the act begins to attach. These voluntary acts of theirs, ought not in reason to defeat the possessor of the benefits intended for him, by the law of the country.— The conclusions resulting from this mode of considering the .subject are, that the title of the Plaintiff in the present rase, is barred by the'Defendant’s possession—There was a verdict and judgment for the Defendant accordingly, and the motion for a new trial was not made. Vide Eq, Ca. Abr 9. 2 P. Wil. 582. 1 Wils. 134.—Plow. 368 to 372. Stra. 556. 3 Bac. Ab. 655. L. Ray. 289. Co. Litt. 246 a. 259 a. 8 Rep 100 b. Litt 441. Cro. Jac. 101. 4 Term Rep. 810. Shep. Touch. 30. 4 Term 306, in a note, 2 Atk. 333. Co. Litt. 353 6.
Notf — i'he position th.it iff i.umlur of the patents or grants, when they beai ilute on toe same day, may be considered in a-certaining their priority, si\ ms to n„ve been doubted of by Williams, Judge, in Foreman v. Tyson, post 496, though Judge Haywood std! confinued of the o.-inioti iliat the number should have some weight in tile absence of other evidence of priority. This onimon of Haywood, up-pears n, ihvi: been approved of in Riddick & Wife v. Legget, 3 Mur. 539. though in that case, the grant of the lowest number was made to yit.io to -i sir. ng circumstance against it, to-wit, that the grant called for tin ja .ds me .tinned in the other grant. Upon the question, what Rindo, possession :m necessary tngive title under the act of limitations, see the note to Slrudwtckv. Shaw, ante 5, and the cases there referred to: -o.d partir.uf nay, .s 10‘n.-commencement of the possession being bona fide, see Riddick & Wife v. Legget cited above, and McRee’s heirs v Alexander, 3 Hawks 322. Tiia where the statute ofl'. nnUt-en-. once b, gins t.. run, noi'-mg will impede its progress, is now w ll svi‘led See Anonymous, post 416. Cobham v. Niel’s Exr’s. 2. Hay. 5 Pearce et al. v. House, N. C. Term Rep. 305.